In the

# United States Court of Appeals
## For the Seventh Circuit

No. 12-2928

EASTLAND MUSIC GROUP, LLC, and
RAYNARLDO WHITTY,

*Plaintiffs-Appellants*,

*v.*

LIONSGATE ENTERTAINMENT, INC.;
SUMMIT ENTERTAINMENT, LLC; and
MANDATE PICTURES, LLC,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 11 C 8224—**George W. Lindberg**, *Judge*.

ARGUED DECEMBER 6, 2012—DECIDED FEBRUARY 21, 2013

Before EASTERBROOK, *Chief Judge*, and FLAUM and
ROVNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.   Eastland Music Group is
the proprietor of the rap duo Phifty-50, which, according
to its web site www.phifty-50.com, has to its credit one

album (2003) and a T-shirt. Eastland Music has registered "PHIFTY-50" as a trademark. It also claims a trademark in "50/50" and contends that Lionsgate Entertainment and Summit Entertainment infringed its rights by using "50/50" as the title of a motion picture that opened in 2011.

The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6), ruling the movie's title descriptive because the film concerns a 50% chance of the main character surviving cancer. 2012 U.S. Dist. LEXIS 100310 (N.D. Ill. July 19, 2012). Eastland Music protests that this is a defense, not an element of the claim, and that because the movie is not part of the complaint the motion to dismiss should have been handled as one for summary judgment. See Rule 12(d). Eastland Music tells us that, had the complaint survived a motion to dismiss, it would have served extensive discovery requests, and it seems confident that defendants would have settled rather than borne the expense of compliance. Counsel was surprised when reminded, at oral argument, that a motion for summary judgment can precede discovery (see Rule 56(b), allowing a motion to be filed "at any time"), leaving the adverse party with an obligation to show a need for discovery under Rule 56(d). See *Peters v. West*, 692 F.3d 629 (7th Cir. 2012) (resolving a copyright suit in advance of discovery).

Whether a document to which a complaint refers (here, the movie) is treated as part of the complaint for the purpose of Rule 12(d) has been a difficult question, see *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687,

690–91 (7th Cir. 2012), but one we need not tackle. Nor need we decide whether to follow *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989), under which the title of an artistic work can infringe a trademark only if it is devoid of artistic significance or explicitly misleading about the work's source. *Rogers* treated that doctrine as an application of the first amendment rather than the Lanham Act, and courts should avoid unnecessary constitutional adjudication.

It is unnecessary to consider possible constitutional defenses to trademark enforcement, just as it is unnecessary to decide whether the district court should have converted the motion to one for summary judgment, because this complaint fails at the threshold: it does not allege that the use of "50/50" as a title has caused any confusion about the film's source—and any such allegation would be too implausible to support costly litigation. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). At oral argument, plaintiffs' counsel conceded that not a single person has ever contacted Eastland or its web site to seek a copy of the film or complain about the film's contents or quality. Nor does the complaint allege that any potential customer has turned to Lionsgate or Summit in quest of the rap duo's products. Counsel for plaintiffs also told us that no survey has been done.

If the accused film bore the title "Phifty-50", allegations of confusion or secondary meaning could be omitted from the complaint. Eastland Music's registered mark has become incontestable, 15 U.S.C. §1065, though incon-

testable marks are subject to certain defenses. 15 U.S.C. §1115(b). The title "50/50" differs from the mark "Phifty-50", however; only the latter is registered—and the principal reason it was registr*able* is that it is a made-up homophone of a familiar phrase, which in ordinary usage is suggestive or descriptive. It takes a powerful showing of association between such an expression and a particular producer of goods to establish a trademark claim—and Eastland Music has not attempted such a showing.

The phrase 50/50 or a sound-alike variant (50-50, fifty-fifty, fifty/fifty) has been in use as the title of intellectual property for a long time. Wikipedia lists eight films with that title, opening in 1916, 1925, 1972, 1981, 1982, 1992, 2004, and 2011. See http://en.wikipedia.org/wiki/50/50. Six of these movies predate Eastland Music's use. The 1982 film is by and about a rock band. Wikipedia lists three TV shows with that title, plus an episode of a fourth show. It also lists three songs whose titles contain the phrase 50/50. One of these is Frank Zappa's 1973 song "50/50". Then there's "50/50 Luv" released in 1995 by the rap group B.G. Knocc Out & Dresta. And Wikipedia's list is not comprehensive, for it omits anything by the rap duo Phifty-50; doubtless other examples also are missing. If there is any prospect of intellectual property in the phrase 50/50, Eastland Music is a *very* junior user and in no position to complain about the 2011 film. Phifty-50 entered a crowded field, and its rights are correspondingly weak and narrow. See 2 *McCarthy on Trademarks and Unfair Competition* §§ 11.85–.87 (4th ed. 2012).

The title of a work of intellectual property can infringe another author's mark only if the title falsely implies that the latter author is its origin. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). The titles of Truman Capote's novella *Breakfast at Tiffany's*, and the movie of the same name, do not infringe the rights of Tiffany & Co. because no reasonable reader or moviegoer thinks that the jeweler is the source of the book or the movie. (We do not consider the possibility of relief under dilution statutes.) *Dastar* held that trademark law cannot be used to obtain rights over the content of an artistic work; that would amount to an indefinite extension of a copyright. Titles of songs and movies cannot be copyrighted (see *Peters*, 629 F.3d at 635–36; 37 C.F.R. §202.1(a)); *Dastar* tells us not to use trademark law to achieve what copyright law forbids. Only a confusion about origin supports a trademark claim, and "origin" for this purpose means the "producer of the tangible product sold in the marketplace." 539 U.S. at 31. Eastland Music's complaint does not (and could not plausibly) allege that consumers treat it as the producer or source of the film 50/50, or treat Lionsgate as the producer of the 2003 rap album.

AFFIRMED